UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION


KENNETH D. SPEARS                    ]
        Plaintiff,                   ]
                                     ]          No.  **2  09  0078**
v.                                   ]
                                     ]          (No. 2:09-mc-0006)
CASIE HARRIS, et al.                 ]          Judge Trauger
        Defendants.                  ]


## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the South Central Correctional Center in

Clifton, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Cassie Harris,

Administrator of the Jackson County Jail, and Charles Collier, Sheriff of Jackson County, seeking

damages.

The plaintiff's Statement of Facts reads in its entirety as follows :

> Jackson County Jail owes me for jail time
> that I served there. I was sent there to do my
> state time and was told that we would get 2
> for 1 plus 6 days per month. 66 Days per month.

Docket Entry No. 1 at pg. 5.

*Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972).

Nevertheless, liberal construction does not require the Court to create a claim which the plaintiff has

not spelled out in his complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is

required to plead more than bare legal conclusions. Lillard v. Shelby County Board of Education,

76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements

for a complaint in order to state a cognizable claim for relief. Wells, *supra*. The plaintiff must identify the right or privilege that was violated and the role of each defendant in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

In this case, the plaintiff has neglected to identify the right or privilege that was violated and the role that each of the defendants played in the alleged violation. Consequently, the plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge